UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| TRAMAINE OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV421-300 |
| | ) |
| SHERIFF JOHN WILCHER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

*Pro se* plaintiff Tramaine Owens filed this 42 U.S.C. § 1983 action alleging "improper shower timing increments." *See* doc. 1 at 5-6. The Court granted him leave to proceed *in forma pauperis* and directed him to return the necessary forms. *See* doc. 13. He has not returned the Consent to Collection of Fees from Trust Account form in compliance with that Order. *See generally* docket. The Court, therefore, presumes that Owens desired to voluntarily dismiss this case. *See* doc. 13 at 6.

A district court retains the inherent power to police its docket and to enforce its orders. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v.*

1

*Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). Under the Federal Rules of Civil Procedure, a complaint may be dismissed either for failure to prosecute or for failure to comply with an order of the court. Fed. R. Civ. P. 41(b). Additionally, this Court's Local Rules provide that the Court may dismiss an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c). Accordingly, this case is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED,** this 14th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA